# Wright *v.* The State.

## *Murder.*

(Decided April 16, 1908. 46 South. 469.)

*Criminal Law; Instruction; Province of Jury.*—Where the prosecution relied on circumstantial evidence and the proximity of defendant to the scene of the crime for a conviction, and defendant's evidence tended to show that another was nearer the scene at the time of the commission of the crime, it was invasive of the province of the jury and error for the court to instruct that there was no evidence that such other did the killing.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

[Wright v. The State.]

From a conviction of murder Herman Wright appeals. Reversed and remanded.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State. There was not the slightest evidence tending to connect Allie Williams with the crime, and the several rulings of the court on this subject were proper.—*Owingsoy v. The state*, 82 Ala. 63; *Tatum v. The State*, 131 Ala 32.

McCLELLAN, J.—The reliance of the prosecution for a conviction of this defendant of the murder of Driesback was circumstantial evidence, including the proximity of the defendant to the scene of the tragedy during at least a part of the period within which the deceased was killed, and certain tracks leading to and away from that scene, and also the possible unfavorable inference to be drawn by the jury from false, if so found, accounts by the defendant of courses taken by him on the day the deceased lost his life. In reponse to this the defendant introduced testimony, in addition to his own denial of guilt, tending to show that one Williams, at or about the time the supposed fatal gunshots were heard, was near the place where the body was later found. The evident purpose of this testimony was to rebut the state's evidence of opportunity, from proximity, of the defendant to have committed the alleged crime, as well as bring to the consideration of the jury the fact, if so, that Williams was favorably situated to have fired the fatal shot or shots. In this state of the case, the court, in the presence of the jury, declared that he would charge the jury that there was no evidence that Williams did the killing. This was an invasion of the prov-

[Poe v. The State.]

ince of the jury, and was error, for which the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.